I concur only in the judgment and dissent from that portion of paragraph one of the syllabus which reads as follows:
"Motor cars, whether driven or parked and whether mud-bespattered or covered with an accumulation of dirt, are substantial, discernible objects within the purview of Section 6310-1, General Code."
Whether a motor vehicle, parked in the nighttime on the highway, without lights, is or is not discernible to an approaching motorist within the radius of the rays of his headlights — at least 200 feet — is a question of fact for the jury to determine, in the light of all the facts and surrounding circumstances then and there existing.
To hold a motor vehicle, without lights on the highway, discernible, under any and all circumstances, within a distance of 200 feet, the radius of the rays of the headlights, is to disregard natural conditions which make objects otherwise discernible within a distance of 200 feet sometimes undiscernible within a lesser distance. A rule of law making that discernible which under certain natural conditions may be wholly undiscernible is, in the writer's opinion, to announce a legal absurdity. Laws of nature cannot be modified by laws of man. It is common knowledge that snow, snow drifts, fogs, mists, dust clouds and other atmospheric conditions may hide from view substantial objects on the highway otherwise discernible. *Page 479 
I do not disagree with the finding of the court that the parked automobile was discernible to plaintiff in the instant case. I do disagree with the majority of the court, however, in holding discernible, as a matter of law, under all circumstances, an automobile which may, under certain circumstances, not be discernible. The writer feels that it is more sound to leave the determination of that question, which is wholly one of fact, to the triers of facts.